IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**JIMI ARMSTRONG**                                                                 **PLAINTIFF**

**VS.**                       **CASE NO. 2:00CV00122 WRW**

**MICHAEL J. ASTRUE, Commissioner,**
      **Social Security Administration**                               **DEFENDANT**

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

      3.      The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

Now before the Court is the plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b). The defendant has responded, declining to assert a position on the reasonableness of the request.

The plaintiff requests the Court award an attorney's fee in the amount of $4,063.00. Counsel for plaintiff has $1,300.00 in his trust account, which he concedes must be returned to the plaintiff. The total compensation for plaintiff's counsel would be $8,063.00 ($5300 - $1300 + $4063). This fee equals less than 25% in past-due benefits owed to the plaintiff. This 25% is the amount plaintiff agreed to pay his attorney in a contractual arrangement. Plaintiff notes that counsel has previously been awarded $2,903.25 in fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The plaintiff concedes that if his request for attorney's fees pursuant to section 406(b) is

granted, the EAJA fee previously awarded should be refunded from counsel to the plaintiff.

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the United States Supreme Court addressed the continued viability of contingent fee agreements in cases involving the award of social security benefits. The Supreme Court found that 42 U.S.C. § 406(b) does not displace contingent fee agreements as the primary means by which attorney's fees are awarded to successful claimants in federal court.[1] "Rather, [the statute] calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *See Id*. At 807. The Supreme Court did recognize, however, that Congress had provided one "boundary line" in reviewing requests for attorney's fees pursuant to the statute; the "boundary line" is as follows:

> Agreements are unenforceable to the extent that they provide for fees exceeding [twenty five] percent of the past-due benefits. ... Within the [twenty five] percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*See Id*. A court may reduce the requested attorney's fees "based on the character of the representation and the results the representative achieved." *See Id*. At 808. For example, the fees may be reduced because the representation was substandard, because the representation resulted in unnecessary delay, or because "the benefits are large in comparison to the amount of time counsel

---

[1]In pertinent part, 42 U.S.C. § 406(b) provides:

Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(I) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

spent on the case." *See Id.*

Applying the foregoing to the instant case, the Court finds that the attorney's fees requested by Armstrong fall within the "boundary line" established in *Gisbrecht v. Barnhart, i.e.*, the requested fee is not greater than twenty five percent of the past-due benefits. The Court knows of no delay in the disposition of this case, and the Court is not prepared to find that counsel's work on behalf of Armstrong was substandard. Counsel obtained a sizable award of benefits for Armstrong, which weighs in favor of approving the fee requested by counsel. This proceeding was not unusually complex, and, as the Court previously found, the number of hours expended by counsel are reasonable. In summary, we find the request to be reasonable.

Based upon the foregoing, we recommend the motion for attorney's fees under 42 U.S.C. § 406(b) be granted, and that Armstrong's counsel be awarded $4,063.00 for work performed at the federal court level. We further recommend that the Commissioner certify and pay $4,063.00 to Armstrong's attorney, Alan J. Nussbaum. Counsel shall return to Armstrong the EAJA fee of $2,903.25 which was previously awarded. Counsel shall also return to Armstrong the $1,300.00 currently held in trust as a result of an inadvertent overpayment by the government.

IT IS SO ORDERED this ___20___ day of November, 2008.

_____
UNITED STATES MAGISTRATE JUDGE